# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DERRICK BAILEY, individually and on behalf of others similarly situated, | Case No. _____ |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | |
| VULCAN MATERIALS COMPANY, and SOUTHEAST DIVISION LOGISTICS, LLC, | |
| Defendants. | |

Plaintiff Derrick Bailey ("Plaintiff"), by and through his attorneys at the law firms of Austin & Sparks, P.C., Leonard Carder, LLP, and Nichols Kaster, LLP, alleges as follows on behalf of himself and all others similarly situated:

## I.     INTRODUCTION

1. This is an action for relief from Defendants Vulcan Materials Company ("Vulcan") and Southeast Division Logistics, LLC's ("Southeast") ("Defendants") unlawful misclassification of certain driver employees as "independent contractors."

2. Defendants operate quarries and produce, sell, and distribute construction aggregates and aggregate-based construction materials throughout the

United States. The aggregate products that Defendants sell and distribute include crushed stone, sand, and gravel, and construction materials including asphalt and ready-mixed concrete.

3. Defendants have engaged Plaintiff and other similarly situated drivers (the "FLSA Collective") to transport their products from Defendants' quarries to their customer sites. All of this transportation occurs intrastate, and Plaintiff and the FLSA Collective do not cross state lines to deliver to Defendants' customers, most of which are large construction companies that have the products delivered to construction sites. Defendants classify Plaintiff and the FLSA Collective as "independent contractors" and/or "owner-operators."

4. Defendants unlawfully classified Plaintiff and the FLSA Collective as independent contractors to avoid their obligations to pay overtime as required by the Fair Labor Standards Act ("FLSA"), and to reap the benefits of such illegal classification such as reduced tax liability, avoiding workers' compensation, and passing operating costs on to their workforce.

5. Employers like Defendants may not lawfully avoid these legal obligations by misclassifying workers as "independent contractors," who, by their terms and conditions of engagement, are employees. Plaintiff and the FLSA Collective are economically dependent for their financial livelihood on Defendants;

and Defendants are entirely dependent on them to deliver the products they sell to their customers.

6. Plaintiff was hired by Defendants. Plaintiff and the FLSA Collective worked exclusively for Defendants on a full-time and continuing basis. Plaintiff and the FLSA Collective did not sell or advertise their services to the general public, or generally work for any other company other than Defendants.

7. Defendants reserve and exercise pervasive control over their delivery business operations and have retained the right to control the manner and means of the work of Plaintiff and the FLSA Collective, such that they are in fact employees of both Vulcan and Southeast under the FLSA, as described more fully *infra*.

8. Plaintiff brings claims under the FLSA, 29 U.S.C. §§ 207, 216(b), for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs on behalf of himself and the FLSA Collective as defined below. Due to the three-year statute of limitations governing FLSA claims, Plaintiff seeks damages that have accrued or will accrue at any time from three years prior to the filing of this Complaint through the date of final judgment.

## II.    JURISDICTION

9. This Court has original jurisdiction to hear this Complaint and to adjudicate Plaintiff's claims stated herein pursuant to 28 U.S.C. § 1331, because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, *et seq*.

## III.   VENUE AND DIVISION ASSIGNMENT

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(3) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and a substantial number of the members of the FLSA Collective alleged herein provided delivery services for Defendants within this District and within the Division and Courthouse in which this action has been commenced.  Assignment to the Atlanta Division is proper pursuant to 28 U.S.C. § 90.  Refer to LR App. A, I and Local Rule 3.1(A).

## IV.   PARTIES

**A.    Plaintiff**

11. Plaintiff Derrick Bailey is a resident of Douglasville, Georgia.  Plaintiff has been an employee of Defendants within the meaning of the FLSA at all relevant times as a driver based in Atlanta, Georgia.  He files this action on behalf of himself and as a representative for all similarly situated drivers in the FLSA Collective defined below.  Plaintiff has consented in writing to be a party to the FLSA claims

asserted in this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other similarly situated individuals will file consent forms and join as "opt-in" plaintiffs.

**B.     Defendants**

12.   Defendant Vulcan Materials Company ("Vulcan") is a New Jersey corporation that provides products and services in Georgia and throughout the United States. Vulcan is and at all relevant times has been an employer covered by the FLSA.

13.   Defendant Southeast Division Logistics, LLC ("Southeast") is a Delaware limited liability company and a Division of Vulcan that operates primarily in Georgia, Texas, Tennessee, Florida, Alabama, Mississippi, North Carolina, South Carolina, and Louisiana. Southeast is and at all relevant times has been an employer covered by the FLSA.

14.   At times relevant to this action, Defendants qualify as Plaintiff's and the Collective's "joint employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g). Defendants suffer or permit Plaintiff and the FLSA Collective to work.

## V. STATEMENT OF FACTS

15. Defendants hired Plaintiff and the FLSA Collective to load and deliver Defendants' aggregate and other products to customers throughout Georgia and the United States.

16. Plaintiff and the FLSA Collective are required to sign "Independent Contractor Service Agreements" ("Agreement") to work for Defendants.

17. While the Agreements are executed between Southeast and Plaintiff and individuals in the FLSA Collective, Plaintiff and the FLSA Collective work for Defendant Vulcan and Defendant Southeast as "joint employers."

18. Defendant Vulcan's direction and control regarding the manner in which Plaintiff and the FLSA Collective perform work includes, but is not limited to the following:

    a. Plaintiff and the FLSA Collective work in quarries owned and operated by Defendant Vulcan;

    b. Plaintiff and the FLSA Collective deliver product owned and sold by Defendant Vulcan;

    c. Plaintiff and the FLSA Collective deliver product to customers of Defendant Vulcan;

      d.     Plaintiff and the FLSA Collective are dispatched on assignments by dispatchers who are employed by Defendant Vulcan;

      e.     Plaintiff and the FLSA Collective communicate regularly with employees of Defendant Vulcan, including but not limited to updating Vulcan on the status of deliveries, receiving instructions on new assignments, and other work-related duties, and submitting their vehicles to Vulcan employees for inspection;

      f.     Plaintiff and the FLSA Collective are supervised by management employees who are employed by Defendant Vulcan;

      g.     Plaintiff and the FLSA Collective are required to submit their vehicles to Vulcan employees for inspections; and

      h.     Plaintiff and the FLSA Collective hold themselves out to customers and the general public as representatives of Defendant Vulcan.

19.     On information and belief, Defendants Vulcan and Southeast operate as an integrated entity, including in the following ways:

      a.     Defendant Vulcan established Defendant Southeast as a subsidiary corporation and division in approximately 2016;

      b.     Vulcan and Southeast share office space, including but not limited to offices located at 800 Mount Vernon Highway, Atlanta, Georgia; and

    c. Vulcan and Southeast share employees, including dispatch personnel.

20. On information and belief, as a condition of employment, Defendants Vulcan and Southeast do not permit Plaintiff and the FLSA Collective to perform work for competitors of Defendants concurrently while working for Defendants.

21. Plaintiff and the FLSA Collective provide delivery services that are integral and essential to Defendants' core business.

22. Plaintiff and the FLSA Collective are economically dependent for their financial livelihood on Defendants, and Defendants are entirely dependent on Plaintiff and the FLSA Collective for the delivery services provided to its customers.

23. The Agreement between Defendants and Plaintiff and each individual in the FLSA Collective, which state that they independent contractors, are contracts of adhesion that are drafted exclusively by Defendants.

24. The terms of the Agreement between Defendants and Plaintiff and each individual in the FLSA Collective are non-negotiable.  Through this Agreement, Defendants reserve and actually exercise the right to control the manner and means by which Plaintiff and the FLSA Collective perform their duties for Defendants.

25. Defendants determine the locations where Plaintiff and the FLSA Collective load and deliver the products assigned to them; the time of day when they must report to work; and the order and timing of their deliveries.

26. Defendants track the locations and progress of Plaintiff and the FLSA Collective using GPS. Defendants record and store this information electronically through various applications that they require Plaintiffs and the FLSA to use via their cellular phones and/or in devices installed in their trucks.

27. Defendants have required Plaintiff and the FLSA Collective to install company-issued cameras on their trucks to enable the company to observe and monitor the work of Plaintiff and the FLSA Collective. Defendants record and store information from these cameras electronically.

28. Plaintiff and the FLSA Collective are required to call Defendants' customers ahead of arrival to give notice of when they will make the delivery. Plaintiff and the FLSA Collective must complete all of the work assigned to them and are not allowed to refuse assignments without repercussion.

29. Defendants reserve the right to require Plaintiff and the FLSA Collective to know and follow Defendants' customer service standards in performing their work.

30. Defendants require that Plaintiff and the FLSA Collective operate and register their vehicles under Defendants' United States Department of Transportation number/operating authority.

31. Defendants require that Plaintiff and the FLSA Collective submit their vehicles for regular inspections, including "flash inspections" that are administered by Defendants' employees without prior notice and that take Plaintiff and the FLSA Collective out of service, without pay.

32. Defendants reserve the right to require Plaintiff and the FLSA Collective to follow certain work methods related to, for example, how to interact with customers.

33. Defendants reserve the right to prescribe how Plaintiff and the FLSA Collective document their work and require them to contact Defendants upon arrival at each stop and then again after the delivery is completed.

34. Defendants employ a variety of managerial and supervisory employees who instruct Plaintiff and the FLSA Collective on their job performance and their delivery assignments. Plaintiff and the FLSA Collective interact with Defendants' personnel on a daily basis. Defendants' managerial and supervisory employees also hold regular in-person and/or telephonic meetings where Plaintiff and the FLSA Collective's attendance is mandatory.

35. Plaintiff and the FLSA Collective are paid each week a flat amount for each delivery, in amounts that are unilaterally determined by Defendants. Defendants make deductions from the pay of Plaintiff and the FLSA Collective, including deductions for various forms of required insurance.

36. Defendants require Plaintiff and the FLSA Collective to purchase multiple forms of insurance coverage in amounts determined by Defendants through insurance plans specified and sometimes negotiated by Defendants, and to name Defendants as additional "insureds."

37. Plaintiff and the FLSA Collective are terminable at will. They may be terminated upon fifteen (15) days written notice without cause or immediately for alleged breaches of the broadly-worded standards and obligations described in the Agreements.

38. Despite Defendants' pervasive control over all aspects of its delivery service operation, including the details of the work of Plaintiff and the FLSA Collective, Defendant has classified Plaintiff and the FLSA Collective as "independent contractors."

39. Defendants' classification of Plaintiff and the FLSA Collective as "independent contractors" rather than as "employees" is and during all relevant times has been unlawful.

40. As a result of Defendants' misclassification of Plaintiff and the FLSA Collective as "independent contractors," Defendants have required and/or knowingly permitted them to work hours considerably in excess of forty (40) in a workweek.

41. Plaintiff is informed and believes, and on that basis alleges, that it has been Defendants' policy and practice to require and/or knowingly and willfully permit him and the FLSA Collective to work such overtime hours without paying them overtime compensation required by the FLSA.

42. Plaintiff and the FLSA Collective regularly worked over 40 hours during most work weeks. Due to his demanding workload, Plaintiff typically works approximately eleven (11) to twelve (12) hours per day, Monday through Friday. As a result, Plaintiff typically works approximately fifty-five (55) to sixty (60) hours per week.

## VI.  COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings the claims herein, individually and on behalf of the FLSA Collective for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective is defined as all persons in the United States who have worked as drivers, or in other similar

positions, for Vulcan and/or Southeast at any time since three years prior to filing of this Complaint to the present.

44. Plaintiff and the FLSA Collective are similarly situated, perform substantially similar duties for Defendants, and are subject to Defendants' common practice of unlawfully classifying said persons as "independent contractors" despite intensively controlling the manner and means of their performance of such duties, as alleged herein.

45. The claim for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiff's claims are similar to the claims of the FLSA Collective.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former drivers who have been denied overtime pay by Defendants in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated workers are known to Defendants and should be readily identifiable through Defendants' records.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY FLSA OVERTIME COMPENSATION

**(29 U.S.C. § 201, *et seq*.)**
(On Behalf of Plaintiff and FLSA Collective)

47. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

48. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]" including Plaintiff and FLSA Collective. At all relevant times, upon information and belief, Defendants have each had gross operating revenues in excess of $500,000.

49. The FLSA requires covered employers to pay employees at one-and-one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week. 29 U.S.C. § 207. Plaintiff and the FLSA Collective regularly worked over 40 hours during most work weeks.

50. Defendants failed to pay Plaintiff and the FLSA Collective overtime wages for all hours worked over forty (40) in a work week.

51. In failing to provide overtime compensation, the Defendants violated the FLSA.

52. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

53. Defendants knew Plaintiff and the FLSA Collective worked as employees, and they willfully failed and refused to pay Plaintiff and FLSA Collective the required overtime wages.

54. Defendants' willful failure and refusal to pay Plaintiff and FLSA Collective overtime wages for work over forty (40) hours violates the FLSA, 29 U.S.C. § 207. Further, Defendants' conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 20 U.S.C. § 255(a).

55. As a result of these unlawful practices, Plaintiff and FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## VIII. PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff, on behalf of himself, and all others similarly situated, demand judgment against Defendants as follows:

    a. A finding that Plaintiff and the FLSA Collective are similarly situated;

    b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

      c.      Authorization for the prompt issuance of notice to all those similarly situated employees, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing consent forms;

      d.      Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

      e.      Judgment against Defendants for violation of the overtime wage provisions of the FLSA;

      f.      Judgment that Defendants acted willfully and without good faith in violating the FLSA;

      g.      An award to Plaintiff and the FLSA Collective for the amount of unpaid overtime wages owed, and full liquidated damages;

      h.      An award of pre-judgment and post-judgment interest, as provided by law;

      i.      An award of reasonable attorneys' fees and costs;

      j.      Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

      k.      For such other relief as the Court may deem just and proper.

DATED:  March 10, 2021		Respectfully submitted,

  */s/ John T. Sparks*
**AUSTIN & SPARKS, P.C.**
John T. Sparks
Austin & Sparks, P.C.
2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
jsparks@austinsparks.com
Telephone: (404) 869-0100
Facsimile:  (404) 869-0200

**LEONARD CARDER, LLP**
Aaron Kaufmann, CA Bar No. 148580*
David Pogrel, CA Bar No. 203787*
Afroz Baig, CA Bar No. 308324*
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile:  (510) 272-0174
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com
abaig@leonardcarder.com

**NICHOLS KASTER, PLLP**
Reena I. Desai, MN Bar 0388311*
4700 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile:  (612) 338-4878
rdesai@nka.com

* *Pro Hac Vice* Motions forthcoming

*Attorneys for Plaintiff and others similarly situated*